UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

MICHAEL A. DEAN, et al., )
)
                Plaintiffs, )
)
v. ) Case No: 07-3298-CV-S-GAF
)
SUPT. MICHAEL BOWERSOX, et al., )
)
                Defendants. )

### Response to Defendants' Motion for Summary Judgment

COMES NOW Plaintiffs Michael A. Dean and Pat Edmonds, acting pro se, to respectfully move that this Honorable Court will deny Defendants' Motion for Summary Judgment because there is clearly a genuine dispute of material fact and, therefore, as a matter of law, the Defendants are not entitled to a judgment in their favor and this dispute must be settled by a jury trial as requested by both parties. And, in regard to this, Plaintiffs state the following:

1. Even if believed as submitted, Defendants' Motion for Summary Judgment does not alieviate Defendants Fahnestock, Hadley, or Rogers from the constitutional violations which the Plaintiffs have claimed were committed against them. Therefore, the Defendants' Motion for Summary Judgment must be denied for this reason alone; because, as a matter of law, Defendants Fahnestock, Hadley, and Rogers are not entitle to a summary judgment in their favor.

2. Concerning all of the other named Defendants, each defendant who was named because of their admitted involvement in the grievance process was not named for this reason alone as the Defendants allege in their motion. Instead, each one of these named Defendants entered into the violation of the Plaintiffs' constitutionally protected civil rights by enabling, supporting, encouraging, and erroneously claiming lawful justification

for these constitutional violations by claiming that the censorship and confiscation of Plaintiffs' magazines was in accordance with Department of Corrections and institutional policies when the censorship and seizure of Plaintiffs' personal property was actually performed on the basis of personal opinion and morality which violated these policies. Therefore, the denial of the Plaintiffs' grievances, after reviewing all the pertinent materials, indicates that these Defendants supported, encouraged, and agreed that these confiscated materials were properly censored. This demonstrates that all the Defendants, as individuals, acted outside of Department of Corrections and institutional policies by censoring, seizing, and claiming justification for the seizing of Plaintiffs' magazines, even though these Defendants were actually acting outside of Department of Corrections and institutional policies and contrary to all the cited legal caselaw that was presented to them during the grievance process. The Defendants cannot now claim that they did not know or understand that their actions against the Plaintiffs were against policies and cited law. No employee of the Missouri Department of Corrections, acting in his or her official capacities, can knowingly violate an inmate's constitutionally protected civil rights; therefore, each of these Defendants were acting as individuals who are not entitled to any type of official protection or immunity which their office might provide under the law.

3. Defendants have falsely alleged that the Plaintiffs failed to complete the required grievance procedures; however, the Defendants have presented no evidence to support this allegation. Copies of the final grievance appeal for every additional magazine added in the <u>Superseding Amended Complaint</u> are included in that complaint as exhibits E & F.

4. When remanding this cause to this Honorable Court for further consideration, the Eighth Circuit Court of Appeals stated (in part), "In addition, plaintiffs have put forth an arguably reasonable alternative to the regulation, i.e., remove the prohibited item from the publications, and defendants have provided no explanation in this record as to why this alternative would be burdensome or otherwise unworkable." Now, not only have the Defendants still provided no explanation as to why removal of prohibited items from the publications would be burdensome or otherwise

unworkable, but Defendants have continued to censor and seize magazines which a proper interpretation of Department of Corrections and institutional policies would allow, as demonstrated by the fact that these same magazines are allowed at other Missouri penal institutions and the prohibited pages which were censored and seized from the Plaintiffs' magazines are allowed to be sent into the same institution through the regular mail system in letters.

5. Several of the magazines censored and seized from the Plaintiffs were allowed on the shelves of the South Central Correctional Center's Institutional Library; therefore, all of the Defendants' claims of proper censorship in accordance with Department of Corrections and institutional policies are proven false by the Defendants' own actions in allowing these to be placed in the institutional library. This further demonstrates that the censorship and seizure of Plaintiffs' personal property was a violation of the actual policies and, therefore, was a violation of Plaintiffs' constitutionally protected civil rights to be free from such unauthorized censorship and seizure of personal property.

6. When remanding this cause to this Honorable Court for further consideration, the Eighth Circuit Court of Appeals stated (in part), ". . . we affirm the the dismissal of any facial challenge to the prison's regulations prohibiting sexually explicit and violent material, but we remand for further consideration of the validity of the regulations as applied to the publications at issue." This ruling demonstrates that the Plaintiffs were not complaining about the Department of Corrections or institutional policies prohibiting sexually explicit and violent materials but the Plaintiffs' complaint is that the magazines censored and seized from them have never been established as either sexually explicit or violent as defined by established policies and by Federal guidelines on censorship.

7. When remanding this cause to this Honorable Court for further consideration, the Eighth Circuit Court of Appeals stated (in part, "We also remand for further consideration of regulation prohibiting free items, both the regulation on its face and as applied to the publications at issue."

Regarding this, the Defendants have censored and seized Plaintiffs magazines for having "free items" that are completely unusable for inmate in Missouri prisons. For example, a magazine was censored and seized for having a gift card that could only be redeemed by making a purchase online within a limited time frame of one month. Since prison inmates in Missouri have no access to the internet and this "free gift" was non-transferable to anyone other than the magazine subscriber, this "free gift" had no value to any prison inmate, civilian employee, or anyone else. Obviously, the Defendants can provide no reasonable justification for the censorship and seizure of an entire magazine simply because some individual Defendants decided that the Plaintiffs couldn't be allow access to a totally useless "free gift." In addition, and as previously mentioned, the Defendants have still provided no reasonable explanation as to why removal of prohibited items from the publications would be burdensome or otherwise unworkable to comply with the Eighth Circuit Court of Appeal's ruling.

8. When remanding this cause to this Honorable Court for further consideration, the Eighth Circuit Court of Appeals stated (in part), "Liberally construing plaintiffs pro se allegations (cites omitted) and considering plaintiffs have not been able to view the material in question, we find their allegations sufficient to survive a motion to dismiss." Regarding this portion of the Eighth Circuit Court of Appeals' ruling as compared to <u>Defendants' Motion to File Exhibits Under Seal for In Camera Review</u>, Plaintiffs ask this Honorable Court to recognize the arrogancy, conceit, and complete disregard for the Eighth Circuit's ruling which the Defendants demonstrate by asking for this Honorable Court to actually assist them in the further censorship of the already seized materials which is to be evidence at the trial of this lawsuit. The Eighth Circuits' ruling clearly indicates that Court's belief that the Plaintiffs should have the ability to view the material in question in order to prepare for trial.

WHEREFORE, for good cause shown, each of the Defendants named is a proper litigant in this lawsuit and is not, as a matter of law, entitled to summary judgment. And, since there is clearly a genuine dispute of material fact,

this dispute must be settled by the jury trial that both parties have requested and the <u>Defendants Motion for Summary Judgment</u> should be denied by this Honorable Court

Respectfully Submitted,

Date: 6/4/13

_____
Michael A. Dean, Plaintiff

_____
Pat Edmonds, Plaintiff

Verification and Certificate of Service:

    Plaintiffs, Michael A. Dean and Pat Edmonds, do hereby swear under possible penalties of perjury that all the information contained within the foregoing document is true and correct to the best of our knowledge and belief.

    Further, Plaintiffs Dean and Edmonds do hereby certify that the Attorney for the Defendants is a subscriber to the Electronic Filing System and, therefore, the Plaintiffs hereby request that the Clerk of the Court will serve a copy of the foregoing document via that system to the following:

                    Attorney General of Missouri
                            P.O. Box 899
                    Jefferson City, Mo    65102

Date: 6/4/13

_____
Michael A. Dean, Plaintiff

_____
Pat Edmonds, Plaintiff